IN THE MATTER: SUBPOENA IN A CASE
UNDER THE BANKRUPTCY CODE FOR DEPOSITION
IN SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
-----------------------------------------------------------x

| | |
|---|---|
| In re: | In Proceedings for a Reorganization Under Chapter 11 |
| PITTSBURGH CORNING CORPORATION, | |
| Debtor. | |
| | Case Nº 00-22876-JKF |

-----------------------------------------------------------x

### MEMORANDUM OF LAW IN SUPPORT OF NONPARTY'S MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER

**INTRODUCTION**

As stated in the accompanying Declaration, on or about October 28, 2009, the nonparticipating insurer and objector Century Indemnity Company ("Century") served the nonparty Perry Weitz with its Revised Notice of Subpoena, commanding that Weitz appear for a deposition on November 6, 2009, and therein noticed the subpoena under the jurisdiction of the United States Bankruptcy Court, for the Southern District of New York.

Mr. Weitz, however, had no involvement in negotiating any settlement package on behalf of asbestos claimants with regard to the instant Pittsburgh Corning bankruptcy prior to the filing of such bankruptcy. Accordingly, Mr. Weitz has no particular or special knowledge relevant to the reasonableness of any such settlement, arrangement, or

1

package. Nor does Mr. Weitz possess any particular or special knowledge or information with regard to the bankruptcy plan, proposed bankruptcy plan, trust funding agreement, or any other matter peculiar to this bankruptcy. Nor does Mr. Weitz possess any particular or special knowledge with regard to any potential or inchoate or speculative claims that the debtor may have against this insurer objector.

Century's counsel has been wholly unable to explain why it had singled Mr. Weitz out for deposition, and what they hoped he might be able to offer. Century's counsel appears unaware of what role, if any, Mr. Weitz had ever played in any Pittsburgh Corning Corporation bankruptcy-related matter. It can only be surmised that Century has issued this subpoena merely because Mr. Weitz has attained extraordinary success in negotiating and settling *other, unrelated* matters.

Acordingly, Century has not fulfilled its burden of establishing the appropriateness of a subpoena served on this nonparty. *In re Natural Gas Commodity Litig.*, 235 F.R.D. 199, 208 (S.D.N.Y. Nov. 14, 2005). Even were there to be any basis for taking Mr. Weitz's deposition, the Revised Subpoena fails to afford him a reasonable time to prepare, and for this reason alone should be quashed. Fed. R. Civ. P. 45(c)(3)(A); *Anderson v. Dobson*, № 1:06cv2, 2006 U.S. Dist. LEXIS 98289, at *9-10 (W.D.N.C. Nov. 22, 2006).

As a further matter, and the point to which this memorandum shall devote itself, Century does not have standing to seek the deposition of this nonparty. The Plan does not require Century to contribute a single dollar of funding to the proposed Asbestos PI Trust without its consent, and does not impair Century's right to deny the claims for coverage

that have been asserted by the debtor's shareholders on the basis of any legitimate defenses that may exist under applicable non-bankruptcy law. Nor is there any assignment of rights under any policies issued to the debtor or its shareholders by Century.

Therefore, there is no possibility that any present aspect of the bankruptcy proceedings could result in any "injury in fact" to Century, let alone the kind of imminent and concrete harm that is required to support standing under Article III of the United States Constitution. Century's fear that it might someday have to fulfill its contractual obligations under the insurance contracts it issued – obligations that were neither created nor altered by the bankruptcy reorganization Plan or any other aspect of the bankruptcy – simply does not give it standing to subpoena nonparties at this time.

## ARGUMENT

### I. CENTURY FAILS TO SHOW THAT THIS SUBPOENA IS APPROPRIATE

As just stated, Mr. Weitz is not an individual in a position to contribute information personally and uniquely known to him that might have any relevance or bearing on Century's position vis-a-vis the debtor or the trust.

This subpoena constitutes a fishing expedition aimed at harassing, annoying and oppressing Mr. Weitz without justification. As such it is improper, and warrants a protective order under Rule 26(c). *See United States v. Salvagno*, 267 F. Supp. 2d 249, 254-55 (N.D.N.Y. 2003) (agreeing that subpoenaed individual lacked "personal knowledge regarding a majority of the projects on which defendants worked," finding

"defendants' subpoena unreasonable, oppressive, and over-broad").

## II. CENTURY LACKS STANDING TO SUBPOENA THIS NONPARTY

Century has issued this subpoena by virtue of its claimed role as an objector to the reorganization plan. Only a "party in interest" is entitled to object to confirmation of a plan of reorganization. See 11 U.S.C. §§ 1109(b) & 1128(b). A potential objector must also satisfy the "bedrock principles" of standing applicable in all federal courts. *In re A.P.L, Inc.*, 331 B.R. 828, 856 (Bankr. D. Minn. 2005). Century has not and cannot satisfy the constitutional and prudential requirements for standing.

Century is a self-proclaimed "party in interest" seeking to derail a plan by invoking the purported mistreatment of other parties' claims. *See generally In re Quigley Co., Inc.*, 391 B.R. 695, 703 (Bankr. S.D.N.Y. 2008) (even a "party in interest" cannot challenge portions of the plan that do not affect its direct interests"). In this case, however, Century lacks standing to complain about how much or how little protection from tort claims the debtor receives under the plan.

Century can make no showing that any aspect of the reorganization now before the Bankruptcy Court in the Western District of Pennsylvania purports to alter the scope of coverage, exclusions from coverage, or Century's liability limits (if any). Without standing even to object, it is *a fortiori* the case that Century cannot exploit its self-proclaimed objector status to subpoena the deposition of this nonparty.

Nor does Century have a right to this oppressive discovery, regardless of whether it may have standing to appear as an objector. *See, e.g., In re Ford Motor Co. Bronco II*

4

*Products Liability Litig.*, 1994 U.S. Dist. LEXIS 15867, 1994 WL 593998 at *3 (E.D. La. Oct. 28, 1994) ("Objecting class members do not, however, 'have an absolute right to discovery and presentation of evidence'"); *In re Domestic Air Transp. Antitrust Litig.*, 144 F.R.D. 421, 424 (N.D. Ga. 1992) ("Class members who object to a settlement of a class action do not have an absolute right to conduct discovery and presentation of evidence"); *In re General Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1084 n.6 (6th Cir. 1984) ("While objectors are entitled to 'meaningful participation' in the settlement proceedings . . . and 'leave to be heard' . . . they are not automatically entitled to discovery").

## III. THE SUBPOENA DOES NOT SEEK RELEVANT INFORMATION

Oon the other hand, "courts have held that non-parties may raise relevancy objections to subpoenas." *Builders Ass'n of Greater Chicago v. City of Chicago*, 2001 U.S. Dist. LEXIS 7730, 2001 WL 664453, *7-8 (N. D. Ill. 2001) (concluding that "the non-party movants and objectors have standing on their own behalf to challenge the relevance of the materials sought in the subpoenas and are not limited to arguing to the burdensomeness of responding to the subpoena in their particular situations"); *Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 335 (N. D. Cal. 1995) (finding misguided the argument that "a non-party, lacks standing to assert non-relevance in seeking to quash a subpoena"); *Fein v. Numex Corp.*, 92 F.R.D. 94, 96 (S.D.N.Y. 1981) (as to standing to object on the basis of relevancy, "Rule 26(b) of the Federal Rules of Civil Procedure limits discovery to relevant matters, and makes no distinction in this

regard between information in the hands of parties and that held by nonparties[,]" "it is difficult to imagine a considered evaluation of burdensomeness in the abstract, without balancing the degree of burdensomeness against the extent to which the discovery sought is relevant to the issues in the litigation").

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that Century's subpoena be quashed, and/or that an order issue otherwise protecting the movant from this discovery, and for any further relief the Court deems just and proper.

Dated: New York, New York
November 4, 2009

/s/ Alani Golanski
Alani Golanski, Esq. [AG-8165]
Weitz & Luxenberg, P.C.
700 Broadway
New York, New York 10003
Tel: (212) 558-5500